IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN TERRELL, | No. CIV S-07-0251-GEB-CMK-P |
| Petitioner, | |
| vs. | AMENDED FINDINGS AND RECOMMENDATIONS |
| D.K. SISTO, et al., | |
| Respondents. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondents' motion to dismiss (Doc. 13), filed on May 18, 2007.

In their motion, respondents argue that this case is a successive petition and should be dismissed pursuant to 28 U.S.C. § 2244(b)(1). Specifically, respondents contend that this petition raises the same claims as raised in another case currently pending before this court at case no. CIV-S-06-2937-FCD-GGH. The court does not agree that the instant petition is successive. A petition can only be successive of a prior petition which has been decided on the merits. See Cooper v. Calderon, 308 F.3d 1020, 1023-24 (9th Cir. 2002). Because the prior case is still pending, the instant petition is not successive.

To the extent respondents contend that the instant petition is duplicative of the prior petition, the court also does not agree. In the instant petition, petitioner raises the following claims:

1. The denial of parole in 2005 was "arbitrary and unfounded" because the facts do not establish that petitioner is a present danger to the community;

2. The denial of parole in 2005 was not based on "some evidence" because evidence showing parole suitability was not taken into account;

3. The continued reliance on the facts of the commitment offense to deny parole violated due process; and

4. There is no evidence that petitioner's social history is unstable.

For relief, petitioner states that he is "entitled to be granted a parole date." In the 2006 petitioner, which also challenges the denial of parole in 2005, petitioner raises various claims concerning the procedures employed by the State of California and its officials to deny parole. For relief, petitioner seeks an injunction barring state officials from following an alleged "no parole" policy. The two petitions thus raise different issues and, therefore, are not duplicative of each other.

Based on the foregoing, the undersigned recommends that:

1. Respondents' motion to dismiss (Doc. 13) be denied; and

2. Respondents be required to file an answer to the instant petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 31, 2007

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE